RE: FARM FRESH AD VALOREM QUESTION
I MET BRIEFLY WITH YOU LAST WEEK ABOUT YOUR CONCERNS WITH THE TAX COMMISSION TAKING THE POSITION THAT THE FARM FRESH FACILITY NEAR CHANDLER WAS NOT ELIGIBLE FOR THE AD VALOREM TAX EXEMPTION FOR MANUFACTURING FACILITIES. YOU HAD MENTIONED THE POSSIBILITY OF REQUESTING AN ATTORNEY GENERAL'S OPINION.
I SPOKE WITH MR. X OF THE TAX COMMISSION LEGAL STAFF AND MR. X, WHO RECENTLY LEFT THE COMMISSION STAFF. THEY HAVE INFORMED ME THAT FARM FRESH FILED A FORMAL PROTEST WHICH HAS ALREADY BEEN HEARD BY AN ADMINISTRATIVE LAW JUDGE. THE JUDGE HAS AGREED WITH THE COMMISSION'S LEGAL POSITION THAT FARM FRESH IS NOT ELIGIBLE FOR THE EXEMPTION. THIS DECISION IS SUBJECT TO BEING APPEALED SO THERE IS STILL THE POSSIBILITY OF CONTINUED LITIGATION. UNDER THE CIRCUMSTANCES, IT WOULD NOT BE APPROPRIATE TO ISSUE AN OFFICIAL OPINION WHILE THIS MATTER IS IN LITIGATION.
I MUST ALSO POINT OUT THAT THE OKLAHOMA SUPREME COURT JUST RECENTLY ISSUED AN OPINION WHICH TOLD THE TAX COMMISSION THAT IT SHOULD NOT FOLLOW AN ATTORNEY GENERAL'S OPINION CONSTRUING A TAX STATUTE WHEN THE COMMISSION HAD BEEN CONSTRUING IT DIFFERENTLY FOR SEVERAL YEARS. BRANCH TRUCKING COMPANY ET AL. V. STATE EX REL. TAX COMMISSION, 61 O.B.A.J. 1058 (APRIL 17, 1990). THIS CASE DEALT WITH AN ATTORNEY GENERAL'S OPINION WHICH CONSTRUED A STATE SALES TAX STATUTE. THE ATTORNEY GENERAL'S OPINION WAS NOT CONSISTENT WITH THE WAY THE COMMISSION HAD CONSTRUED THE STATUTE OVER SEVERAL YEARS. THE COURT FOUND THAT THE TAX COMMISSION COULD NOT CHANGE ITS LONG-STANDING INTERPRETATION OF THE STATUTE AND SHOULD NOT HAVE RELIED ON THE ATTORNEY GENERAL'S OPINION. EVEN IF THIS OFFICE DISAGREED WITH THE TAX COMMISSION'S INTERPRETATION, IT DOESN'T APPEAR THAT IT WOULD HAVE ANY EFFECT ON FARM FRESH'S PREDICAMENT.
I MUST ADD THAT AFTER BEING INFORMED OF THE FACTS, I DON'T PERSONALLY BELIEVE THE COMMISSION IS NECESSARILY WRONG. THE FARM FRESH FACILITY IS OWNED BY ONE LEGAL ENTITY AND LEASED TO ANOTHER ENTITY. IN THIS CASE THE LEGAL ENTITY WHICH OWNS THE PROPERTY DOESN'T MANUFACTURE ANYTHING. IT IS THE TENANT WHICH IS THE MANUFACTURER. THE OKLAHOMA CONSTITUTION AND THE OKLAHOMA STATUTES PROVIDE A FIVE (5) YEAR PROPERTY TAX EXEMPTION TO "MANUFACTURING CONCERNS" WHICH CONSTRUCT "MANUFACTURING FACILITIES". OKLA. CONST. ARTICLE X, SECTION 6(B)/68 O.S. 2405. 2 (1989). THE INTERPRETATION PLACED ON THIS LANGUAGE BY THE TAX COMMISSION IS SIMPLY THAT THE MANUFACTURER MUST BE THE OWNER OF THE PROPERTY. THE EFFECT OF THIS INTERPRETATION IS TO DENY THE EXEMPTION TO A NON-MANUFACTURING LANDLORD WHOSE PROPERTY JUST HAPPENS TO BE USED BY A MANUFACTURING COMPANY.
ONE COULD CERTAINLY FASHION AN ARGUMENT TO THE CONTRARY, BUT THE TAX COMMISSION'S POSITION IS NOT CLEARLY ERRONEOUS. IN MY VIEW, THE FARM FRESH EXAMPLE POINTS OUT A NEED FOR A CHANGE IN THE STATUTE. IF THE DEFINITIONS IN THE STATUTE COULD BE CLARIFIED TO ALLOW THE EXEMPTION FOR SITUATIONS WHERE THE LANDLORD IS A RELATED OR SUBSIDIARY COMPANY TO THE MANUFACTURING COMPANY, IT WOULD STILL BE CONSISTENT WITH THE INTENT OF ARTICLE X, SECTION 6(B).
(THOMAS L. SPENCER)